HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>JAMES STILLWELL AND ALISSA STILLWELL, et al.,<br><br>Defendants. | CASE NO. C17-1386 RAJ<br><br>ORDER |

## I. INTRODUCTION

This matter comes before the Court on Plaintiff Allstate Insurance Company's ("Allstate" or "Plaintiff") Motion for Summary Judgment (Dkt. # 27) and Motion for Default Judgment Against Defendant Alisha Burke. (Dkt. # 29). For the reasons stated below, the Court **GRANTS** both Motions. Dkt. # 27, 29.

## II. BACKGROUND

Plaintiff provides the following facts in support of both its motions, which Defendants have not disputed. On May 10, 2017, a complaint filed by Defendants Warren Schierman and Alisha Burke in Snohomish County Superior Court, Case No. 17-

ORDER- 1

2-0454731, against James and Jane Doe Stillwell, alleges that James Stilwell sexually molested the child J.S. Dkt. ## 28-1, 30-1. The complaint alleged that Plaintiffs Warren Schierman and Alsiah Burke are the natural father and mother, respectively, of J.S. and reside in Snohomish County, Washington. *Id*. at ¶¶ 1.1-1.2. The complaint also alleged that Defendant James Stilwell and "Jane Doe" Stilwell are a married couple, and all acts done on behalf of James Stilwell were done on behalf of the marital community. *Id*. at ¶ 1.3. The complaint alleges that at the time Defendant James Stilwell sexually molested and/or raped J.S., Defendant Jane Doe Stilwell was in the same residence, and that both J.S. and her parents suffered serious injuries. *Id*. at ¶¶ 2.1-2.3.

Plaintiff Allstate had issued a Homeowners policy ("Policy") to James and Alissa Stillwell, the defendants in the Snohomish County case. Dkt. # 28-2, 30-2. The Policy provides in relevant part:

> **Definitions Used In This Policy**
>
> \*\*\*
> 3. **'Insured person(s)'** – means **you** and, if a resident of **your** household: any relative; and any dependent person in **your** care.
>
> \*\*\*
> 4. **'Bodily injury'** – means physical harm to the body, including sickness or disease, and resulting death, except that **bodily injury** does not include:
> a) any venereal disease;
> b) Herpes;
> c) Acquired Immune Deficiency Syndrome (AIDS);
> d) AIDS Related Complex (ARC);
> e) Human Immunodeficiency Virus (HIV);
>
> or any resulting symptom, effect, condition, disease or illness related to (a) through (e) listed above.
>
> …

\*\*\*

**9. 'Occurrence'** – means an accident, including continuous or repeated exposure to substantially the same general harmful conditions during the policy period, resulting in **bodily injury** or **property damage**.

10. '**Property damage**' – means physical injury to or destruction of tangible property, including loss of its use resulting from such physical injury or destruction.

\*\*\*

*Insuring Agreement*

. . .

Subject to the terms of this policy, the Policy Declarations shows the location of the **residence premises**, applicable coverages, limits of liability and premiums. The policy applies only to losses or **occurrences** that take place during the policy period. The policy period is shown on the Policy Declarations.

. . .

\*\*\*

*Section II Family Liability and Guest Medical Protection*
*Coverage X Family Liability Protection Losses We Cover Under Coverage X:*

Subject to the terms, conditions and limitations of this policy, **Allstate** will pay damages which an **insured person** becomes legally obligated to pay because of **bodily injury** or **property damage** arising from an **occurrence** to which this policy applies, and covered by this part of the policy. **We** may investigate or settle any claim or suit for covered damages against an **insured person**. If an **insured person** is sued for these damages, **we** will provide a defense with counsel of **our** choice, even if the allegations are groundless, false or fraudulent. **We** are not obligated to pay any claim or judgment after **we** have exhausted **our** limit of liability.

\*\*\*

**Losses We Do Not Cover Under Coverage X:**

1. **We** do not cover any **bodily injury** or **property damage** intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, any **insured person**. This exclusion applies even if:
a) such **insured person** lacks the mental capacity to govern his or her conduct;
b) such **bodily injury** or **property damage** is of a different kind or degree than intended or reasonably expected; or
c) such **bodily injury** or **property damage** is sustained by a different person than intended or reasonably expected."

Dkt. # 30-2 at 21-23, 43. (emphasis in original). The Policy was also amended with an endorsement, Form No. AP4710, as follows:

**Amendment of Policy Provisions – AP4710**
This endorsement is part of the policy to which it is attached and provides benefits under the policy for parties to a domestic partnership or civil union. In order to receive benefits in accordance with this endorsement, the domestic partnership or civil union must be recognized by the state in which this policy was issued.

I. Under **Definitions Used In This Policy,** "**You**" or "**your**" is replaced by the following:

"**You**" or "**your**" means the policyholder named on the Policy Declarations and:
a) that person's resident spouse; or
b) if a resident of the same household, a party who has entered into a domestic partnership or civil union, as recognized by the state in which this policy was issued, with the policyholder named on the Policy Declarations.

II. The following change is made to the provisions throughout **your** policy documents:

The terms "spouse" also includes, if a resident of the same household, "a party who has entered into a domestic partnership or civil union, as recognized by the state in which this policy was issued, with the policyholder named on the Policy Declarations."

\*\*\*

*Id*. at 53 (emphasis in original).

On September 14, 2017, Plaintiff filed this lawsuit for a declaratory judgment against James and Alissa Stillwell, Warren Schierman, Alisha Burke, and J.S., seeking a declaration that "the contracts of insurance issued by Allstate does not obligate Allstate to provide coverage, or defend, James Stilwell and Alissa Stilwell, husband and wife, for the claims alleged in the Complaint under the insurance policy, and further enter an order that Warren Schierman and Alisha Burke, and their minor child J.S. are owed nothing with respect to the coverages allowed under the policy. Dkt. # 1. Plaintiff served each Defendant; Defendant Warren Schierman answered on behalf of himself and his child, J.S. Dkt. # 22. Defendant Alisha Burke has not appeared nor has she filed any answer. The Court thus granted Plaintiff's motion for default against Defendant Burke on June 13, 2018. Dkt. # 23.

On June 19, 2018, Defendants James and Alissa Stillwell were terminated as Defendants after this Court granted Plaintiff's previous motion for default judgment against them. Dkt. # 26. In that Order, this Court ruled that "Plaintiff is not obligated to provide coverage for, or a defense to, Defendants, James Stilwell and Alissa Stilwell, husband and wife and their marital community, for all claims arising out of the lawsuit filed by Warren Schierman and Alisha Burke, individually and on behalf of their minor daughter J.S." *Id*. at 2.

On August 22, 2018, Plaintiff filed a Motion for Default Judgment Against Defendant Alisha Burke (Dkt. # 29), and a Motion for Summary Judgment (Dkt. # 27) against both remaining defendants. The two motions are essentially identical in content, and both request, collectively, that this Court to issue and Order declaring that Plaintiff is not obligated to provide coverage under the policy for the claims of Warren Schierman and Alisha Burke, individually and on behalf of their minor daughter J.S. for the lawsuit filed in Snohomish County Superior Court Case No. 17-2-0454731. Dkt. ## 27-1, 29-1. Defendant J.S., by and through her father Warren Schierman, as well as Warren Schierman himself, filed a statement indicating non-opposition to Plaintiff's Motion for

Summary Judgment. Dkt. # 31. No other Defendant has filed a response to either motion.

### III. DISCUSSION

1. <u>Summary Judgment</u>

Plaintiff's first motion moves for summary judgment under Fed. R. Civ. P. 56, as to all remaining defendants. Dkt. # 27. Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). No Defendant opposes Progressive's Motion. Ordinarily, "[i]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Local Rules W.D. Wash. LCR 7(b)(2). However, a district court may not grant an unopposed motion for summary judgment solely because the opposing party has failed to file an opposition. *Cristobal v. Siegel*, 26 F.3d 1488, 1494–95 & n.4 (9th Cir. 1994).

A court considering an unopposed summary judgment motion is authorized to treat an assertion of fact from the moving party as undisputed. Fed. R. Civ. P. 56(e)(2). Once it does so, it may grant summary judgment "if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it . . . ." Fed. R. Civ. P. 56(e)(3). The court cannot grant summary judgment "by default," it must instead "determine the legal consequences" of the facts it deems undisputed. *Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013). Ultimately, it will suffice if the court reviews the summary judgment motion and grants it on its merits. *Id.* at 917–18; *see also Bateh v. Wells Fargo Bank, N.A.*, No. C14-293RAJ, 2014 WL 3739511, at *3 (W.D. Wash. July 29, 2014).

Plaintiff seeks a declaration under Washington law that under the Homeowners policy, it is not required to cover the remaining Defendants' claims. As a federal court sitting in diversity, the Court applies state substantive law and federal procedural law. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78–79 (1938); *see also Gasperini v. Center for*

*Humanities, Inc.*, 518 U.S. 415, 427 (1996); *State Farm Fire & Casualty Co. v. Smith*, 907 F.2d 900, 902 (9th Cir. 1990). The Court finds that, in this case, Washington State law governs the parties' controversy, as stated in the Policy. Dkt. ## 30-2 at 25.

Under Washington law, "[i]nsurance policies are to be construed as contracts, and interpretation is a matter of law." *State Farm General Ins. Co. v. Emerson,* 102 Wash.2d 477, 480, 687 P.2d 1139 (1984). "The entire contract must be construed together in order to give force and effect to each clause," and be enforced "as written if the language is clear and unambiguous." *Washington Pub. Util. Districts' Utils. Sys. v. Pub. Util. Dist. No. 1 of Clallam County,* 112 Wash.2d 1, 10, 771 P.2d 701 (1989); *see also Transcon. Ins. Co. v. Washington Pub. Utils. Dists.' Util. Sys.,* 111 Wash.2d 452, 456, 760 P.2d 337 (1988) (if insurance contract language is clear and unambiguous, court "may not modify the contract or create ambiguity where none exists"). If, on the other hand, "a policy provision on its face is fairly susceptible to two different but reasonable interpretations, the policy is ambiguous and the court must attempt to discern and enforce the contract as the parties intended." *Transcon. Ins. Co.,* 111 Wash.2d at 456–57; *see also Kish v. Ins. Co. of N. Am.,* 125 Wash.2d 164, 171, 883 P.2d 308 (1994). An insurance contract "will be given a practical and reasonable interpretation that fulfills the object and purpose of the contract rather than a strained or forced construction that leads to an absurd conclusion, or that renders the contract nonsensical or ineffective." *Washington Pub.,* 112 Wash.2d at 11; *see also Transcon. Ins. Co.,* 111 Wash.2d at 457, 760 P.2d 337. Further, insurance contracts are interpreted "as an average insurance purchaser would understand them and give undefined terms in these contracts their 'plain, ordinary, and popular' meaning." *Kish,* 125 Wash.2d at 170, 883 P.2d 308 (quoting *Boeing Co. v. Aetna Cas. & Sur. Co.,* 113 Wash.2d 869, 877, 784 P.2d 507 (1990)); *see also Emerson,* 102 Wash.2d at 480, 687 P.2d 1139 (insurance contract interpreted "according to the way it would be understood by the average insurance purchaser").

Accordingly, "the determination of coverage" under an insurance contract "is a two-step process." *Diamaco, Inc. v. Aetna Cas. & Sur. Co.,* 97 Wash.App. 335, 337, 983 P.2d 707 (1999). "The insured must first establish that the loss falls within the 'scope of the policy's insured losses.'" *Id.* (quoting *Schwindt v. Underwriters at Lloyd's of London,* 81 Wash.App. 293, 298, 914 P.2d 119 (1996)). "Then, to avoid responsibility for the loss, the insurer must show that the loss is excluded by specific language in the policy." *Id.; see also Pub. Employees Mut. Ins. Co. v. Rash,* 48 Wash.App. 701, 703, 740 P.2d 370 (1987) ("[W]hen an insured establishes a prima facie case giving rise to coverage under the provisions of his policy, the burden is then upon the insurer to prove that the loss is not covered because of an exclusionary provision in the policy."). While an exclusionary clause is "strictly construed against the insurer," its meaning "must be determined in view of the policy as a whole." *Allstate Ins. Co. v. Calkins,* 58 Wash.App. 399, 402, 793 P.2d 452 (1990) (citing *Rodriguez v. Williams,* 107 Wash.2d 381, 384, 729 P.2d 627 (1986)); *Hecker,* 43 Wash.App. at 824 (citing *Shotwell v. Transamerica Title Ins. Co.,* 91 Wash.2d 161, 166, 588 P.2d 208 (1978)).

Plaintiff argues there has been no "occurrence" under the Policy that would obligate coverage. Dkt. # 27. The Court agrees. As noted above, as defined in the Policy, "occurrence" means "an accident, including continuous or repeated exposure to substantially the same general harmful conditions during the policy period, resulting in bodily injury." Because the Policy here does not define the term "accident", however, it "must be given its popular and ordinary meaning." *Hecker*, 43 Wash.App. at 822. "For insurance coverage," furthermore, "accident" means "an unusual, unexpected, and unforeseen happening." *Grange Ins. Co. v. Brosseau*, 113 Wash.2d 91, 95, 776 P.2d 123 (1989) (citing *Tieton v. Gen. Ins. Co. of Am.*, 61 Wash.2d 716, 721, 722, 380 P.2d 127 (1963)).

As the Washington Supreme Court stated:

> [A]n accident is never present when a deliberate act is performed unless some additional unexpected, independent and unforeseen happening occurs which produces or brings about the result of injury or death. The means as well as the result must be unforeseen, involuntary, unexpected and unusual.

*Safeco Ins. Co. of Am. v. Butler,* 118 Wash.2d 383, 401, 823 P.2d 499 (1992) (quoting *Detweiler v. J.D. Penney Cas. Ins. Co.,* 110 Wash.2d 99, 104, 751 P.2d 282 (1988)). In addition, the term "accident" pursuant to this "common sense" definition is not subjective in nature. *Roller v. Stonewall Ins. Co.,* 115 Wash.2d 679, 685, 801 P.2d 207 (1990). "Either an incident is an accident or it is not. . . . [T]he perspective of the insured is not a relevant inquiry." *Id.*

Accordingly, Washington courts have "routinely denied" coverage "for intentional acts as a matter of law, even when the harm is unintended." *Id.* (citing *Pacific Ins. Co. v. Catholic Bishop of Spokane,* 450 F.Supp.2d 1186, 1198 (E.D. Wash. 2006)). In Washington, "[d]eliberate acts of sexual abuse and/or intercourse are not accidents so long as the abuser intended the act." *Ramirez v. Allstate Ins. Co.,* 2012 WL 5384164, at *3 (W.D. Wash. Nov.1, 2012) (citing *Rodriquez,* 107 Wash.2d at 387, 729 P.2d 627 (stating that "intent to injure, while normally a subjective determination . . ., should be inferred to the insured in sex abuse cases")). Thus, under Washington law, "a victim's claims against an insured for battery and assault, intentional infliction of emotional distress, outrage, and childhood sexual abuse do not arise from accident, and thus do not fall within scope of coverage under homeowner's insurance policies that cover only accidental occurrences." *Schorno v. State Farm Fire and Cas. Co.,* 2010 WL 3119449, at *5 (W.D. Wash. Aug.3, 2010) (citing *Western Protectors Ins. Co. v. Shaffer,* 624 F.Supp.2d 1292, 1298 (W.D. Wash. 2009)).

As noted above, the complaint filed by Defendants in Snohomish County alleges that at the time the Homeowners' policy was in effect, Mr. Stillwell sexually assaulted

ORDER- 9

and/or raped J.S. The acts committed by Mr. Stillwell were thus intentional, even if he did not subjectively intend to harm J.S. *See Am. Econ. Ins. Co. v. Estate of Wilker*, 96 Wash.App. 87, 91–92, 977 P.2d 677 (1999) ("Washington courts routinely hold that a person who sexually abuses a child intends to injure the victim, regardless of the abuser's actual subjective intent."). The alleged acts can therefore not be considered an "accident" under either the applicable construction under Washington law. There has thus been no "occurrence" under the Homeowners' policy that Plaintiff would be required to cover, indemnify, or defend. For these reasons, Plaintiff has no duty to cover Defendants' claims because, as also noted above, the policy contains an exclusionary clause that clearly states that bodily injury "intended by, or which may reasonably be expected to result from the intentional or criminal acts" of any insured person is excluded. Moreover, the policy's joint obligations clause means that there is no coverage regarding the actions of Alissa Stillwell as well, as she is bound by the acts of her husband at the time of the abuse. *See, e.g., Allstate v. Raynor*, 143 Wash.2d 469, 21 P.3d 707, 713 (2001) (explaining that a joint obligation clause provides that "when the conduct of one insured defeats liability protection for a given loss, the Policy deprives all other insureds of liability protection for that loss, even if the loss was also proximately caused by one of those parties").

Accordingly, the Court concludes that there is no genuine issue of material fact. The Court **GRANTS** Plaintiff's Motion for Summary Judgment. Plaintiff is not obligated to provide coverage under the policy for the claims of Warren Schierman and Alisha Burke, individually and on behalf of their minor daughter J.S., for the lawsuit filed in Snohomish County Superior Court Case No. 17-2-0454731.

2. <u>Default Judgment Against Defendant Alisha Burke</u>

Plaintiff also requests that this Court enter Default Judgment as to Defendant Alisha Burke. Dkt. # 29. On June 8, 2018, the Court entered default against Defendant Burke. Dkt. # 23. Federal Rule of Civil Procedure 55(b) authorizes a district court to

grant default judgment after the Clerk enters default under Rule 55(a). Upon entry of default, the defendant's liability is established and the well-pleaded allegations in the complaint are accepted as true. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). Where those facts establish a defendant's liability, the court has discretion, not an obligation, to enter a default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988). The plaintiff must submit evidence supporting a claim for a particular sum of damages. *TeleVideo Sys.*, 826 F.2d at 917-18; *see also* Fed. R. Civ. P. 55(b)(2)(B). If the plaintiff cannot prove that the sum it seeks is "a liquidated sum or capable of mathematical calculation," the court must hold a hearing or otherwise ensure that the damage award is appropriate. *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981).

Plaintiff's justification for entering default judgment against Defendant Burke is nearly identical to that offered in Plaintiff's Renewed Motion for Summary Judgment. Accordingly, for the same reasons articulated above, the Court concludes that default judgment against Defendant Burke is appropriate. The allegations of the Amended Complaint, accepted as true, establish Plaintiff's right to a declaratory judgment that there is no coverage under the Allstate policy for the claims of Alisha Burke for the lawsuit filed by Warren Schierman and Alisha Burke, individually and on behalf of their minor daughter J.S.

The Court accordingly **GRANTS** Plaintiff's Motion for Default Judgment as to Defendant Burke. The Court enters default judgment for Plaintiff and against Defendant Burke on Plaintiff's declaratory judgment claim. That being said, the remedy sought by Plaintiff's Motion for Default Judgment is essentially subsumed by the remedy sought in Plaintiff's Motion for Summary Judgment, a motion this Court is granting with this Order, which is a declaration that Plaintiff is not obligated to provide coverage under the policy for the claims of both Defendant Warren Schierman and Alisha Burke.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Summary Judgment and **GRANTS** Plaintiff's Motion for Default Judgment against Alisha Burke. The Court finds that Plaintiff is not obligated to provide coverage under the policy for the claims of Warren Schierman and Alisha Burke, individually and on behalf of their minor daughter J.S., for the lawsuit filed in Snohomish County Superior Court Case No. 17-2-0454731.

Dated this 16th day of January, 2019.

*/s/ Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge